

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00156-CV

———————————————

MICHELLE KRUEGER, Appellant

V.

MATTHEW KRUEGER, Appellee

On Appeal from the 43rd District Court
Parker County, Texas
Trial Court No. CV21-0227

Before Sudderth, C.J.; Birdwell and Bassel, JJ.
Memorandum Opinion by Justice Birdwell

## MEMORANDUM OPINION

Appellant Michelle Krueger (Wife) appeals from a divorce decree dissolving her marriage to appellee Matthew Krueger (Husband). In what amounts to six issues,[1] Wife argues that the trial court erred by (1) awarding the marital residence solely to Husband and awarding her only $7,538.52 for her share of the home's equity, (2) purportedly awarding Husband a portion of certain retirement accounts that are her separate property, (3) refusing to consider her testimony concerning various fault-based grounds for divorce, (4) striking her second and third amended counterpetitions for divorce and excluding certain business records and affidavits that she had intended to offer as evidence to support the claims alleged in the stricken counterpetitions, (5) failing to issue findings of fact and conclusions of law despite her timely filed request and past-due notice, and (6) awarding Husband $71,558.06 in attorney's fees. For the reasons set forth below, we will affirm.

## I. BACKGROUND

Husband and Wife married in August 2018; they have one child. The couple separated in February 2021, and Husband filed a petition for divorce shortly

---

[1]In her appellate brief, Wife enumerated eight issues. But because her sixth, seventh, and eighth issues all pertain to the overarching issue of whether the award of attorney's fees constituted an abuse of discretion, we will treat these issues as a single complaint. *See In re K.G.*, No. 02-23-00180-CV, 2024 WL 273505, at *2 n.2 (Tex. App.—Fort Worth Jan. 25, 2024, no pet.) (treating several of appellant's enumerated appellate issues as a single complaint because they "all present[ed] the same legal question").

thereafter. In May 2021, Wife filed a counterpetition, which she subsequently amended in September 2023.

In March 2024, the trial court issued a notice setting the case for a bench trial on September 16, 2024.

In June and July 2024, Husband's counsel deposed Wife regarding the claims and defenses set forth in her first amended counterpetition. During the deposition, Husband's counsel specifically asked Wife whether she intended to seek a disproportionate share of the community estate based on alleged claims of domestic violence, cruelty, assault, or fraud and whether she had any evidence to support any such claims. Wife, at various times, either denied the existence of any such claims or was instructed by counsel not to answer questions regarding such claims because they were not included in her live pleading at the time.

On September 6, 2024—just ten days before the trial setting[2]—Wife filed a second amended counterpetition in which she asserted several new claims and sought a disproportionate share of the couple's community estate based on allegations that Husband had, among other things, treated her cruelly, committed family violence, committed adultery, and wasted community assets. Husband filed a motion to strike Wife's second amended counterpetition on the grounds that it operated as an unfair surprise. In his motion, Husband also asked the trial court to strike certain business

[2]Because Wife's counsel had a medical emergency, the trial date was later continued to November 21, 2024.

3

records and affidavits that Wife intended to offer at trial on the grounds that they had not been provided to him at least fourteen days before the original trial setting. After considering the motion and Wife's response, the trial court signed an order striking Wife's second amended counterpetition as well as the business records and affidavits.

Wife then filed a motion to reconsider the trial court's order as well as a motion for leave to file a third amended counterpetition, which—like her second amended counterpetition—sought a disproportionate share of the estate based on, inter alia, Husband's "[f]ault in the breakup of the marriage." She also provided Husband with supplemental responses to his previously served requests for production and amended her pretrial disclosures. Husband filed a motion to strike the supplemental discovery responses as untimely and orally objected at trial to Wife's motions for leave and for reconsideration. The trial court denied Wife's motions and excluded the evidence produced in the supplemental discovery responses.

Before trial, the parties reached an agreement as to their rights and obligations concerning their minor child, including all issues pertaining to conservatorship, possession, and support. Accordingly, the trial focused on the division of the marital estate.

After considering the parties' evidence, the trial court signed a decree awarding Husband the marital residence and awarding Wife $7,538.52 for her portion of the home's equity. The decree split the remainder of the community estate substantially evenly. Each party was awarded one half of the couple's joint checking and savings

4

accounts and one half of the community portion of the couple's retirement accounts. Both parties were awarded all of the household furniture, furnishings, fixtures, goods, art objects, collectibles, appliances, equipment, clothing, jewelry, cash, and bank accounts within their sole possession or control. Further, the parties were each awarded their respective vehicles.[3] The decree itemized certain property that constituted Wife's separate property—including "[t]he separate property portion (balance prior to date of marriage) of the Children's 401a Plan; Children's 403b Plan; and Edward Jones Roth IRA" (collectively, the Retirement Accounts)—as well as certain property that constituted Husband's separate property.

This appeal followed. Although Wife timely requested findings of fact and conclusions of law and filed a past-due notice, the trial court did not send any such findings or conclusions to the parties. *See* Tex. R. Civ. P. 296, 297.

## II. DISCUSSION

**A. Trial Court's Failure to Issue Findings of Fact and Conclusions of Law**

In her fifth issue,[4] Wife contends that the trial court committed harmful error by failing to issue findings of fact and conclusions of law after her timely request. *See* Tex. R. Civ. P. 296, 297. We disagree.

---

[3]Based on Husband's agreement, the decree awarded Wife the 2015 Honda Civic in her possession even though it was his separate property.

[4]Because if we were to sustain Wife's fifth issue concerning the trial court's failure to issue findings of fact and conclusions of law, the proper remedy would be to abate this appeal and remand the case to the trial court with instructions to issue the

**1. Applicable Law**

When properly requested after a bench trial, a trial court has a mandatory duty to file findings of fact and conclusions of law. Tex. R. Civ. P. 296, 297; *Murray v. Murray*, 276 S.W.3d 138, 143 (Tex. App.—Fort Worth 2008, pet. dism'd). A trial court's failure to file findings of fact and conclusions of law after a request has been properly made is presumed to be harmful unless the record affirmatively shows that the complaining party suffered no injury. *Cherne Indus., Inc. v. Magallanes*, 763 S.W.2d 768, 772 (Tex. 1989); *Landerman v. State Bar of Tex.*, 247 S.W.3d 426, 430 (Tex. App.—Dallas 2008, pet. denied).

"The general rule is that a complainant has been harmed if the failure to file findings of fact and conclusions of law causes her to have to guess at the reason the trial court ruled against her or prevents her from properly presenting her case to the appellate court." *Misczak v. Deutsche Bank Nat'l Tr. Co.*, No. 02-15-00269-CV, 2016 WL 1393026, at *1 (Tex. App.—Fort Worth Apr. 7, 2016, no pet.) (citing *R.H. v. Smith*, 339 S.W.3d 756, 766 (Tex. App.—Dallas 2011, no pet.)). But when the reasons for the trial court's decision are apparent from the record, the complainant suffers no harm. *See Marriage of Waters*, 2025 WL 2056875, at *1 (citing *Czarkowski-Golejewski v. Wilson*, No. 07-24-00127-CV, 2024 WL 1707269, at *1 (Tex. App.—Amarillo Apr. 19,

requested findings and conclusions, *see AD Villarai, LLC v. Chan Il Pak*, 519 S.W.3d 132, 136 (Tex. 2017); *In re Marriage of Waters*, No. 07-25-00057-CV, 2025 WL 2056875, at *1 (Tex. App.—Amarillo July 22, 2025, order), we address this issue first, *cf. Drilling v. State*, 134 S.W.3d 468, 469 (Tex. App.—Waco 2004, order) ("[Appellant's] second issue requires us to abate this appeal[;] therefore, we will not address his first issue.").

2024, order)); *Misczak*, 2016 WL 1393026, at *1 (first citing *Pham v. Harris Cnty. Rentals, L.L.C.*, 455 S.W.3d 702, 706 (Tex. App.—Houston [1st Dist.] 2014, no pet.); then citing *R.H.*, 339 S.W.3d at 766; and then citing *Nev. Gold & Silver, Inc. v. Andrews Indep. Sch. Dist.*, 225 S.W.3d 68, 77 (Tex. App.—El Paso 2005, no pet.)).

### 2. Analysis

Given the nature of Wife's appellate complaints and the state of the record, we conclude that she was not harmed by the trial court's failure to file findings of fact and conclusions of law. In her first issue, Wife argues that the trial court erred by awarding Husband the marital residence and awarding her only $7,538.52 for her share of the home's equity. But (as discussed further below) the amount of equity awarded to Wife is exactly one half of the total equity that Husband testified that the couple had in the home. Thus, it is clear that the trial court based its award on Husband's valuation of the home; accordingly, the absence of findings and conclusions has not prevented Wife from properly presenting her first appellate issue. *Cf. Zieba v. Martin*, 928 S.W.2d 782, 786 (Tex. App.—Houston [14th Dist.] 1996, no pet.) (op. on reh'g) (holding that trial court's failure to file findings and conclusions was not harmful because there was "no dispute as to the valuations the [trial] court made" since the nature of appellant's complaint required the appellate court "to review the case using [appellee's] valuations"). In her second issue, Wife complains that the trial court purportedly divided her separate property, but because (as discussed further below) this issue can be resolved by looking solely to the divorce

7

decree's plain language, the absence of findings and conclusions has no bearing on Wife's ability to properly present it. Similarly, in her third and fourth issues, Wife raises procedural and evidentiary complaints that would not be aided by the requested findings and conclusions. Finally, regarding Wife's sixth issue, because Husband made clear that he sought attorney's fees under Family Code Section 6.708 and because the award matched the amount that he had requested in his proposed property division, Wife has sufficient information to present her complaint. *See Bluelinx Corp. v. Tex. Constr. Sys., Inc.*, 363 S.W.3d 623, 631 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (op. on reh'g) (holding that trial court's failure to enter findings and conclusions was harmless because the judgment specified the statute on which the award had been based and because "the amount of attorney's fees the trial court awarded was within forty cents of [the appellee's] request"); *see also Target Corp. v. Advanced Alarm Sys., Inc.*, No. 09-06-322-CV, 2007 WL 1628101, at *2 (Tex. App.—Beaumont June 7, 2007, no pet.) (holding that trial court's failure to file findings and conclusions was not harmful because appellant "would not have had to guess at the reason for the trial court's denial of attorney's fees" since "[i]n effect, the trial court decided that a just and equitable resolution of the attorney's fee issue was to have the parties pay their own attorney's fees").

Further, Wife has not explained with any particularity—and the record does not show—how she was prevented from properly presenting her case to this court or how she has otherwise suffered injury from the trial court's failure to issue the

8

requested findings and conclusions.[5] *See Misczak*, 2016 WL 1393026, at \*2. Thus, given the specific facts of this case and the nature of the arguments raised on appeal, we conclude that even though the trial court clearly erred by failing to file the timely requested findings and conclusions, such error was harmless. *See id.* (first citing *Pham*, 455 S.W.3d at 706; then citing *R.H.*, 339 S.W.3d at 766; and then citing *Nev. Gold & Silver*, 225 S.W.3d at 77).

Accordingly, although we do not condone the trial court's failure to fulfill its mandatory duty to file findings and conclusions when properly requested, we nevertheless overrule Wife's fifth issue. *See* Tex. R. Civ. P. 296, 297; *Murray*, 276 S.W.3d at 143; *see also Elliott v. Kraft Foods N. Am., Inc.*, 118 S.W.3d 50, 55 (Tex. App.—Houston [14th Dist.] 2003, no pet.) ("Although we do not condone the trial court's . . . ignorance of its mandatory duty to file findings of fact and conclusions of law when properly requested, we conclude that the lack of findings was harmless in this case.").

---

[5]In her briefing, Wife vaguely states that "[t]he absence of findings deprives [her] of any ability to challenge the judgment on specific legal or factual grounds because the basis for the judgment is entirely unclear" and conclusorily asserts that "[t]his uncertainty materially impairs [her] ability to frame and brief legal error." But Wife fails to explain with any particularity how the lack of findings and conclusions affects any of the specific issues that she raised or to identify any appellate issues that she was prevented from raising because of the lack of such findings and conclusions.

**B. Division of the Marital Residence**

In her first issue, Wife contends that the trial court abused its discretion by awarding Husband the marital residence and awarding her only $7,538.52 for her share of the home's equity. We disagree.

**1. Applicable Law and Standard of Review**

Considering both parties' rights, a trial court is charged with dividing the community estate in a "just and right" manner. Tex. Fam. Code § 7.001; *Watson v. Watson*, 286 S.W.3d 519, 522 (Tex. App.—Fort Worth 2009, no pet.). But a property division need not be equal to satisfy the just-and-right standard. *See In re Marriage of Mozley*, No. 06-16-00004-CV, 2016 WL 4256926, at *3 (Tex. App.—Texarkana Aug. 12, 2016, no pet.) (citing *Murff v. Murff*, 615 S.W.2d 696, 699 (Tex. 1981)).

"Because the standards for dividing a community estate involve the exercise of sound judgment, a trial court must be accorded much discretion in its decision." *Bradshaw v. Bradshaw*, 555 S.W.3d 539, 543 (Tex. 2018). "The division 'should be corrected on appeal only where an abuse of discretion is shown in that the disposition made of some property is manifestly unjust and unfair.'" *Id.* (quoting *Hedtke v. Hedtke*, 248 S.W. 21, 23 (Tex. 1923)). "The appellate court cannot merely reweigh the evidence." *Id.* Rather, "we view the evidence in a light most favorable to the court's decision and indulge every legal presumption in favor of its judgment." *In re Marriage of Ford*, 435 S.W.3d 347, 350 (Tex. App.—Texarkana 2014, no pet.).

Thus, while "legal and factual sufficiency are relevant factors in assessing whether the trial court abused its discretion, . . . they are not independent grounds of error." *In re Marriage of Williams*, No. 06-18-00041-CV, 2018 WL 6424245, at *4 n.7 (Tex. App.—Texarkana Dec. 7, 2018, pet. denied) (citations omitted); *accord Tuan Anh Tran v. Nguyen*, 480 S.W.3d 119, 131 (Tex. App.—Houston [14th Dist.] 2015, no pet.). A trial court does not abuse its discretion if there is some evidence of a substantive and probative nature to support the property division. *Nguyen*, 480 S.W.3d at 131; *Williams v. Williams*, No. 2-06-143-CV, 2007 WL 79698, at *1 (Tex. App.—Fort Worth Jan. 11, 2007, no pet.) (citing *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002)).

## 2. Analysis

In essence, Wife argues that the trial court abused its discretion by dividing the community estate's equity in the marital residence in the manner that it did because the record contains insufficient evidence to support the valuation on which the division was based.[6] But Husband testified that the marital residence was worth $440,750.00 and was subject to a mortgage with an unpaid principal balance of

---

[6]Although Wife couches her argument in terms of the trial court's "fail[ing] to assign [the marital residence] any value," by awarding her exactly one half of the total equity that Husband testified that the couple had in the home, the trial court impliedly accepted Husband's valuation of the property. *See Oliva v. Oliva*, No. 02-25-00264-CV, 2026 WL 628160, at *4 (Tex. App.—Fort Worth Mar. 5, 2026, no pet.) (noting that "the record support[ed] an implied finding that the community estate owned only fifty percent of the [marital residence]").

11

$425,672.95—i.e., that the couple's equity in the home was $15,077.05.[7] In his proposed property division he asked the court to award him the home and to award Wife one half of the equity—i.e., $7,538.52.

By adopting Husband's proposed division of the marital residence, the trial court impliedly accepted his valuation of this asset.[8] *See Oliva*, 2026 WL 628160, at \*4. And because Husband holds an ownership interest in the marital residence, his testimony constitutes competent evidence to support this valuation. *See Reid Road Mun. Util. Dist. No. 2 v. Speedy Stop Food Stores, Ltd.*, 337 S.W.3d 846, 852–53 (Tex. 2011) ("Generally, a property owner is qualified to testify to the value of her property even if she is not an expert and would not be qualified to testify to the value of other property." (citing *Porras v. Craig,* 675 S.W.2d 503, 504 (Tex. 1984))); *Oliva*, 2026 WL

---

[7]Husband based his estimate of the home's value on a 2021 property tax appraisal.

[8]Citing *In re Marriage of Scott*, Wife argues that because Husband relied on a property-tax appraisal completed three years prior to trial to support his valuation of the home, *see supra* note 7, the trial court abused its discretion by accepting it. *See* 117 S.W.3d 580, 585 (Tex. App.—Amarillo 2003, no pet.). But unlike the record in *Marriage of Scott*, which contained a more recent appraisal of the property reflecting a higher value as well as the testimony of a local realtor discussing the price for which the property could be listed, the record in this case does not contain other more reliable evidence of the home's value. *See id.* Wife did not testify regarding the home's value, much less offer a formal appraisal or expert testimony supporting a value different from the one offered by Husband. And although Wife's inventory and appraisement—which listed the marital home's value at $574,466—was entered into evidence, she did not explain how the listed value had been calculated. Thus, unlike the property valuation at issue in *Marriage of Scott*, the trial court's acceptance of Husband's valuation of the home is not "so against the great weight and preponderance of the evidence as to make the valuation clearly wrong or manifestly unjust." *See id.*

12

628160, at *5 (holding that spouse's testimony was competent evidence of marital residence's value in divorce proceeding because he held an ownership interest in the property); *State v. Dehnisch*, 437 S.W.2d 46, 48 (Tex. App.—Corpus Christi 1968, no writ) ("It is the settled law in the vast majority of all jurisdictions that the owner of real property is . . . competent to testify as to its value."). Thus, the record contains some evidence of a substantive and probative nature to support the property division, and accordingly, we cannot conclude that it constitutes an abuse of discretion. *See Nguyen*, 480 S.W.3d at 131; *Williams*, 2007 WL 79698, at *1.

We overrule Wife's first issue.

## C. Purported Division of Wife's Separate Property

In her second issue, Wife contends that the trial court erred by purportedly awarding Husband a portion of her separate-property interest in the Retirement Accounts.[9] *See, e.g.*, *Geisler v. Geisler*, No. 03-08-00734-CV, 2010 WL 2330362, at *3 (Tex. App.—Austin June 10, 2010, no pet.) (explaining that in a divorce proceeding, "[o]nly community property . . . is subject to division; the [trial] court cannot divest a spouse of separate property" (citing *Jacobs v. Jacobs*, 687 S.W.2d 731, 733 (Tex. 1985))). But the divorce decree's plain language reveals that the trial court did no such thing.

The divorce decree provides that Husband and Wife are each awarded "[o]ne-

---

[9]Wife also complains about the trial court's exclusion of certain tracing evidence that would have shown that portions of the retirement accounts constituted her separate property. But because (as we discuss below) the trial court divided only the community portions of these accounts, any error in the exclusion of this evidence would be harmless.

half of the *community property portion* (date of marriage through November 25, 2024)" of the Retirement Accounts. [Emphasis added.] And, as noted, the decree explicitly confirms that the Retirement Accounts' "balance prior to [the] date of [Husband and Wife's] marriage" constitutes Wife's separate property. Thus, contrary to Wife's contention, the trial court did not improperly divest her of her separate-property interest in the Retirement Accounts.[10]

We overrule Wife's second issue.

## D. Striking Amended Pleadings and Excluding Fault-Based Divorce Evidence

In her third and fourth issues, Wife contends that the trial court abused its discretion by striking her second amended counterpetition, refusing to grant her leave to file her third amended counterpetition, and excluding evidence supporting the fault-based grounds for divorce alleged in these amended pleadings. We disagree.

### 1. Applicable Law and Standard of Review

Rule 63 of the Texas Rules of Civil Procedure provides that parties may amend their pleadings "as they may desire . . . at such time as not to operate as a surprise to the opposite party; provided, that . . . within seven days of the date of trial or thereafter" any pleading amendments may be filed only with prior leave of court, "which leave shall be granted" unless the opposing party makes a showing of surprise.

---

[10]To the extent that Wife argues that the contributions to and interest earned on the Retirement Accounts during the marriage constituted her separate property, we reject that argument. *See, e.g.*, *McClary v. Thompson*, 65 S.W.3d 829, 834–36 (Tex. App.—Fort Worth 2002, pet. denied).

Tex. R. Civ. P. 63. Thus, a party's right to amend its pleading is subject to the opposing party's right to object to the amendment, and the trial court may deny leave to file or strike the amended pleading if it determines that the amendment is "calculated to surprise or . . . would reshape the cause of action," thereby "prejudicing the opposing party and unnecessarily delaying the trial." *Hardin v. Hardin*, 597 S.W.2d 347, 349 (Tex. 1980); *see Chapin & Chapin, Inc. v. Tex. Sand & Gravel Co.*, 844 S.W.2d 664, 665 (Tex. 1992) (noting difference between a "formal, procedural" amendment, such as revising the amount of claimed damages to conform the pleadings to the evidence, and a "substantive" amendment, such as adding new affirmative defenses that "chang[ed] the bases of the defense" and "rather clearly changed the nature of the trial itself"); *Dunnagan v. Watson*, 204 S.W.3d 30, 37 (Tex. App.—Fort Worth 2006, pet. denied) (explaining that "[t]he trial court has no discretion to refuse an amendment unless the opposing party presents evidence of surprise or prejudice or the amendment is prejudicial on its face because, for example, it asserts a new cause of action or defense" that reshapes the nature of the trial itself, could not have been anticipated in light of the case's prior development, and would detrimentally affect the opposing party's presentation of the case).

We review a trial court's decision to allow or strike a pleading amendment for an abuse of discretion. *See Greenhalgh v. Serv. Lloyds Ins. Co.*, 787 S.W.2d 938, 939–40 (Tex. 1990). A trial court abuses its discretion when its ruling is arbitrary,

15

unreasonable, or without reference to any guiding rules or legal principles. *K–Mart Corp. v. Honeycutt*, 24 S.W.3d 357, 360 (Tex. 2000).

### 2. Analysis

Here, we cannot say that the trial court abused its discretion by striking Wife's second amended counterpetition and refusing to grant her leave to file her third amended counterpetition. As noted, Wife filed her second amended counterpetition—which asserted several new claims and sought a disproportionate share of the couple's community estate based on various fault-based grounds for divorce[11]—just ten days before trial was scheduled to begin and after she had already been deposed regarding the claims and defenses presented in her first amended counterpetition. During the deposition, Wife, at various times, either denied the existence of any fault-based claims or was instructed by counsel not to answer questions regarding such claims because they were not included in her live pleading at the time. Under these circumstances, we cannot say that the trial court abused its discretion by finding that Wife's proposed amendments to her pleading operated as a surprise to Husband and by disallowing them on that basis. *See* Tex. R. Civ. P. 63; *Hardin*, 597 S.W.2d at 349.

Further, having disallowed the proposed amendments, the trial court did not abuse its discretion by excluding evidence pertaining to Wife's fault-based grounds for

---

[11]In her amended pleadings, Wife also sought a name change. Husband did not object to this relief, and the trial court orally granted it.

divorce because no such grounds had been alleged in her live pleading.[12] *See* Tex. R. Evid. 401; *Great N. Energy, Inc. v. Circle Ridge Prod., Inc.*, 528 S.W.3d 644, 664 (Tex. App.—Texarkana 2017, pet. denied) (holding that the trial court had not abused its discretion by excluding certain evidence on the grounds that it was "irrelevant to the causes of action asserted in the parties' live pleadings").

We overrule Wife's third and fourth issues.

## E. Attorney's Fees

In her sixth issue, Wife contends that the trial court abused its discretion by awarding Husband $71,558.06 in attorney's fees. Specifically, she argues that the award is excessive and is supported by insufficient evidence. We disagree.

### 1. Applicable Law and Standard of Review

In a divorce proceeding, the trial court may award reasonable attorney's fees and expenses. Tex. Fam. Code § 6.708(c); *Walther v. Walther*, No. 02-25-00048-CV, 2026 WL 706435, at *12 (Tex. App.—Fort Worth Mar. 12, 2026, no pet. h.). We review a trial court's decision to make such an award for an abuse of discretion. *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998); *see Seitz v. Seitz*, 608 S.W.3d 272, 279 (Tex. App.—Houston [1st Dist.] 2020, no pet.) (recognizing that "[a] trial court has

---

[12]In her fourth issue, Wife also reiterates her complaint about the trial court's exclusion of certain business records that purportedly would have shown that portions of the Retirement Accounts constituted her separate property. But as previously noted, any error in the exclusion of this tracing evidence was harmless. *See supra* note 9.

broad discretion in deciding whether to award reasonable attorney's fees" in a divorce case).

The reasonableness of the fees is a fact question and must be supported by the evidence. *Fuentes v. Zaragoza*, 555 S.W.3d 141, 172 (Tex. App.—Houston [1st Dist.] 2018, no pet.); *see Russell v. Russell*, 478 S.W.3d 36, 48 (Tex. App.—Houston [14th Dist.] 2015, no pet.) ("The reasonableness of attorney's fees is ordinarily left to the factfinder, and a reviewing court may not substitute its judgment for the fact[]finder's."). "The party seeking the fees has the burden of proof and should address (1) the nature of the work, (2) who performed it and their respective rates, (3) when the services were performed, and (4) the number of hours worked." *Ralls v. Funk*, 592 S.W.3d 178, 187 (Tex. App.—Tyler 2019, pet. denied) (citing *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 762–63 (Tex. 2012)). To be sufficient, the evidence must show the time spent on specific tasks. *See Long v. Griffin*, 442 S.W.3d 253, 255 (Tex. 2014).

### 2. Analysis

Based our review of the record, we cannot conclude that the trial court's award of attorney's fees constituted an abuse of discretion. At trial, Husband's counsel offered an affidavit describing the nature of the work performed, identifying all the professionals who performed the work and their respective billing rates, and setting forth the total number of hours worked by each professional as well as the timeframe

18

during which the work was completed.[13] *See Ralls*, 592 S.W.3d at 187. Along with the affidavit, Husband's counsel included numerous billing records setting forth the time spent on specific tasks.[14] *See Long*, 442 S.W.3d at 255. Thus, the record contains sufficient evidence to support the attorney's fees award, and given the length of the case and the nature of the issues involved, we cannot conclude that the amount of fees awarded is excessive.

We overrule Wife's sixth issue.

---

[13]Both parties requested attorney's fees, and they agreed to submit the evidence supporting their respective requests by affidavit. Thus, to the extent that Wife argues that the trial court erred by considering attorney's fees based on the submission of affidavits, she waived that complaint. *See Mortell v. Scott*, No. 01-23-00018-CV, 2024 WL 5249086, at *12 (Tex. App.—Houston [1st Dist.] Dec. 31, 2024, no pet.).

[14]After Wife filed a post-trial objection to Husband's request for attorney's fees and to the affidavit offered in support thereof, Husband's counsel filed a response that included 142 pages of billing records supported by a business-records affidavit. On appeal, Wife objects to this "last-minute document dump" as untimely. However, as noted, Husband's counsel included billing records with the attorney's fee affidavit offered as an exhibit at trial. Thus, we need not consider the timeliness of the so-called "document dump." *See* Tex. R. App. P. 47.1. Wife also argues that Husband's counsel's billing records should have been excluded under Rule 193.6 because Husband failed to produce them in discovery. *See* Tex. R. Civ. P. 193.6(a). But because Husband pleaded for attorney's fees in his first-amended petition filed in May 2021, requested attorney's fees in his motions to strike Wife's second amended counterpetition and supplemental discovery, and included a request for $71,558.06 in attorney's fees in his proposed property division, we conclude that the trial court did not abuse its discretion to the extent that it impliedly found that Wife was not unfairly surprised or prejudiced by Husband's failure to produce these billing records. *See Allstate Fire & Cas. Ins. Co. v. Howell-Herring*, No. 02-20-00175-CV, 2022 WL 1183336, at *4–5 (Tex. App.—Fort Worth Apr. 21, 2022, no pet.).

## III. CONCLUSION

Having overruled all of Wife's issues, we affirm the trial court's divorce decree.

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered: July 23, 2026